UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:22-cr-20670

v.                                                    Honorable Thomas L. Ludington
                                                         United States District Judge

ANTHONY DEMASI,

                                                         Honorable Patricia T. Morris
        Defendant.                         United States Magistrate Judge
_____/

**ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE REQUIRED TO REIMBURSE UNITED STATES FOR APPOINTED COUNSEL**

      This matter is before this Court upon Defendant Anthony Demasi's Stipulation to Substitute Counsel. As explained hereafter, he will be directed to show cause why he should not be required to reimburse the Government for court-appointed counsel.

      On December 14, 2022, Anthony Demasi was indicted on three counts of bank fraud, 18 U.S.C. § 1344, and three counts of aggravated identity theft, *id.* § 1028A(a)(1). ECF No. 1.

      For reasons not yet known, Demasi received court-appointed counsel despite paying $10,000 cash to be released on bond. ECF Nos. 5–11. Indeed, 7 days later, he filed a "Stipulation" to substitute his court-appointed counsel for retained counsel from Willy & Chamberlain LLP. ECF No. 15. However, he gives no reason for the swap and no indication of whether the Government concurs with his request. *Id.*

      Generally, defendants are appointed counsel only after demonstrating they are "financially eligible." *See* 18 U.S.C. § 3006A(a)(1). According to 18 U.S.C. § 3006A(c):

> If at any time after the appointment of counsel . . . the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

*Id.* § 3006A(c). In this way, the court may direct the payment of funds "to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, . . . or to the court for deposit in the Treasury as a reimbursement to the appropriation." *Id.* § 3006A(f); *United States v. Wilson*, 597 F.3d 353, 357 (6th Cir. 2010) ("What the Act gives with one hand to a criminal defendant 'financially unable' to pay for legal services it takes away with the other if the defendant turns out to be 'financially able' to obtain counsel.").

Demasi's Stipulation requests this Court (1) to substitute retained counsel Charles R. Chamberlain Jr. and (2) to relieve court-appointed counsel Bryan J. Sherer of his responsibilities regarding this case. ECF No. 15. Unless Defendant has located a new source of funds, the presence of retained counsel raises the question of whether the Demasi was indigent when he was appointed counsel, in which case he will be required to pay back certain fees for legal services rendered by court-appointed counsel. Tellingly, the Financial Affidavit he provided to the United States Pretrial Services in January 2023 demonstrates his significant financial capabilities: an annual income of $91,000 and minimal debt. So he will be directed to show cause for why he need not pay the United States Government for the legal services rendered by court-appointed counsel.

Accordingly, it is **ORDERED** that Defendant is **DIRECTED** to show cause for why he should not be required to reimburse the United States for legal services rendered by Attorney Bryan Sherer in a brief no longer than 10 pages due **on or before April 14, 2023**.

Further, it is **ORDERED** that Defendant's Stipulation for the Substitution of Counsel, ECF No. 15, is **DENIED WITHOUT PREJUDICE**.

Dated: April 7, 2023                                             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge