UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 1:22-cr-20670

v.                                              Honorable Thomas L. Ludington
                                                   United States District Judge

ANTHONY DEMASI,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS II, IV, AND VI OF THE SUPERSEDING INDICTMENT**

In October 2023, this Court denied Defendant's motion to dismiss three counts of aggravated identity theft and held that these counts were sufficiently specific notwithstanding the Supreme Court's recent refinement of two elements of the crime in *Dubin v. United States*. Five days after denying Defendant's first motion to dismiss the aggravated identity theft counts, Defendant filed a second Motion to Dismiss the same; this time for vagueness. But this Court already rejected Defendant's vagueness arguments in its October Opinion and, to the extent Defendant asserts new arguments, they are without merit. Defendant has not shown that the aggravated identity theft statute, 18 U.S.C. § 1028A, failed to sufficiently warn him that his alleged conduct—using the names, birthdates, and Social Security numbers of three unwitting college students to open lines of credit with three different banks for Defendant's personal financial gain—violates the law. Accordingly, Defendant's Motion to Dismiss for Vagueness will be denied.

I.

Defendant Anthony Demasi currently faces a six-count Superseding Indictment charging three counts of bank fraud in violation of 18 U.S.C. § 1344(1) (Counts I, III, and V) and three

counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts II, IV, and VI) for three different schemes to defraud three different banks by filing false credit card applications using the full name, date of birth, and Social Security number of three different people without their knowledge or consent. ECF No. 21.

According to the Superseding Indictment, the first alleged scheme began on January 4, 2018, when Defendant submitted a credit card application to Barclays Bank Delaware (Barclays) using "Person A's" identification information. *Id.* at PageID.77–79. The second alleged scheme began on March 6, 2018, when Defendant submitted another false credit card application to JP Morgan Chase Bank NA (Chase) using "Person B's" identification information. *Id.* at PageID.79–80. The third and final alleged scheme began on August 31, 2018, when Defendant submitted yet another false credit card application to Capital One Bank NA (Capital One) using "Person C's" identification information. *Id.* at PageID.81–82.

The Government contends that Persons A, B, and C were students hired by Defendant to work for his business between late 2017 and early 2018. ECF No. 40 at PageID.239–40. The Government further asserts that Defendant obtained the personal identification information of these students during their employment interviews and even impersonated some of these students in phone conversations with representatives of the allegedly defrauded banks. *Id.* Lastly, the Government alleges that, although one of the three credit card applications was denied, Defendant charged a total approaching $14,000 to the other two cards, falsely opened in the students' names. ECF No. 32 at PageID.151–155.

On July 20, 2023, Defendant filed a Motion to Dismiss Counts II, IV, and VI of the Superseding Indictment (the "aggravated identity theft counts") for lack of specificity. ECF No. 27. Defendant's argument focused on *Dubin v. United States*, a June 2023 Supreme Court case in

which the Supreme Court clarified that, as used in the aggravated identity theft statute, a defendant "uses" another person's means of identification "in relation to" a predicate offense "when this use is at the crux of what makes the conduct criminal." *Dubin v. United States*, 599 U.S. 110, 131 (2023). In light of *Dubin*, Defendant argued that the aggravated identity theft counts should be dismissed because, as charged in the Superseding Indictment, they did not show that Defendant's use of the alleged victim's identities was at the "crux" of the underlying bank fraud. ECF No. 27 at PageID.101–03. And buried in a footnote at the end of his motion, Defendant stated "an alternative basis for relief . . . is that the offense alleged in the three [aggravated identity theft] counts is unconstitutionally vague as articulated by Justice Gorsuch in his concurrence in *Dubin*." *Id.* at PageID.103 n. 4; *see Dubin*, 599 U.S. at 133, 139 (Gorsuch, J., concurring).

On October 12, 2023, this Court denied Defendant's motion to dismiss and found each of the aggravated identity theft counts sufficiently specific. ECF No. 35 at PageID.189–93; *United States v. Demasi*, No. 1:22-CR-20670, 2023 WL 6701998 (E.D. Mich. Oct. 12, 2023). This Court also rejected Defendant's vagueness argument because the question of vagueness was not before the Court in *Dubin* and the *Dubin* majority expressly disagreed with Justice Gorsuch's vagueness analysis. *Demasi*, 2023 WL 6701998, at *6. This Court also noted *United States v. Gladden*, 78 F.4th 1232 (11th Cir. 2023) as an example of a post-*Dubin* appellate case which rejected a defendant's void-for-vagueness challenge to § 1028A. *Id.*

Not five days after this Court denied Defendant's first motion to dismiss, Defendant filed another. Specifically, Defendant filed a Motion to Dismiss the Aggravated Identity Theft Counts for Vagueness. ECF No. 37. And although Defendant recognizes that this Court already rejected his vagueness argument, he states that his new Motion is "not simply based on Justice Gorsuch's concurrence in *Dubin*," but is, instead, brought "because as applied by this Court post-*Dubin*, the

charges of § 1028A [aggravated identity theft] cannot be differentiated from § 1028(a)(7) [identity theft] and are too vague to have notified [Defendant] of what conduct is proscribed by § 1028A versus § 1028." *Id.* at PageID.230.

In response, the Government argues that the text of § 1028A places Defendant on notice that his alleged conduct constitutes aggravated identity theft and emphasizes that it is constitutional for some criminal conduct to be contemplated in more than one criminal statute. ECF No. 40 at PageID.244 (citing *United States v. Batchelder*, 442 U.S. 114, 119, 123–24 (1979)). Defendant did not file a Reply in support of his Motion.

## II.

The Fifth Amendment's due process protections prohibit the enforcement of vague criminal laws. *Beckles v. United States*, 580 U.S. 256, 262 (2017); *Johnson v. United States*, 576 U.S. 591, 595–96 (2015). But "the threshold for declaring a law void for vagueness is high." *Johnson,* 576 U.S. at 629 (Alito, J., dissenting). Indeed, "[f]ew statutes meet the void-for-vagueness threshold" because a "'strong presumptive validity' applies to all acts of Congress and mere 'difficulty' in determining a statute's meaning does not render it unconstitutional." *United States v. Kettles*, 970 F.3d 637, 650 (6th Cir. 2020) (quoting *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32 (1963)).

"A statute is unconstitutionally vague only if it either (1) defines the offense in such a way that ordinary people cannot understand what is prohibited, or (2) encourages arbitrary or discriminatory enforcement."[1] *Id.* (internal citations omitted). But "hypothetical vagueness is not

---

[1] Between these overlapping policy rationales, the Supreme Court and the Sixth Circuit recognize that "the more important" one is preventing the arbitrary enforcement of law by police, prosecutors, and juries. *United States v. Caseer*, 399 F.3d 828, 836 (6th Cir. 2005); *Kolender v. Lawson*, 461 U.S. 352, 358 (1983); *Smith v. Goguen*, 415 U.S. 566, 575 (1974) ("[P]erhaps the most meaningful aspect of the vagueness doctrine is not actual notice, but . . . the requirement that

enough[.]" *Id.* Instead, to successfully challenge a criminal law as unconstitutionally vague, a defendant must show that the law fails to provide the defendant with a "sufficient warning" that the defendant's conduct would violate the charged law. *Id.* (quoting *Nat'l Dairy*, 372 U.S. at 33).

### A.

In 1998, Congress passed the Identity Theft and Assumption Deterrence Act which criminalized identity theft. Codified at 18 U.S.C. § 1028(a)(7), the identity theft criminal statute states that:

> Whoever, in a circumstance described in subsection (c) . . . knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law . . . shall be punished as provided in subsection (b)[.]

18 U.S.C. § 1028(a)(7).

The circumstances contemplated in subsection (c), generally, include (1) when the identification document is or appears to be issued by or under the authority of the U.S.; (2) when the offense involves an intent to defraud the U.S.; and (3) either when (a) the transfer, possession, or use of another's means of identification is in or affects interstate or foreign commerce, or (b) the means of identification are mailed. 18 U.S.C. § 1028(c). And the punishments contemplated in subsection (b) "range from one to 15 years' imprisonment depending on the specific circumstances." ECF No. 37 at PageID.234; *see* 18 U.S.C. § 1028(b).

Six years after enacting the *identity theft* criminal statute, Congress enacted the Identity Theft Penalty Enhancement Act and created the crime of *aggravated identity theft* in response to national concern following the attacks of September 11, 2001 and concerns that the identity theft

---

a legislature establish minimal guidelines to govern law enforcement" because, without these guidelines, "policemen, prosecutors, and juries [can] pursue their personal predilections.").

statute "did not sufficiently deter repeat offenders[.]" Shang-Chi Andrew Liu, *What's the Use?: Interpreting the Term "Uses" in the Aggravated Identity Theft Provision*, 89 U. CHI. L. REV. 1289, 1297 (2022). Codified at 18 U.S.C. § 1028A, the aggravated identity theft statute states that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c),[2] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of [two] years.

18 U.S.C. § 1028A(a)(1). As evident from this statutory language, the elements of aggravated identity theft are: (1) that the defendant committed a qualifying predicate felony enumerated in § 1028A(c); (2) that the defendant knowingly transferred, possessed, or used a means of identification of another person without lawful authority; (3) that the defendant knew the means of identification belonged to another person; and (4) that the transfer, possession, or use was "during and in relation to" the § 1028A(c) predicate felony. *See* PATTERN CRIM. JURY INSTR. 6th Cir. 15.04, at 407 (2023).

In *Dubin v. United States*, decided in June 2023, the Supreme Court clarified the interpretation of the second and fourth elements listed above—that a defendant *used* another's identification information without lawful authority *in relation to* or *during* the commission of a predicate felony. *Dubin v. United States*, 599 U.S. 110, 116–18 (2023). In *Dubin*, petitioner David Dubin—who helped manage a psychological service company—submitted a reimbursement claim to Medicaid representing that a licensed phycologist performed testing services when, in fact, only a licensed associate had. *Id.* at 114. "This falsehood inflated the amount of the reimbursement."

---

[2] Subsection (c) states that "any provision contained in chapter 63" qualifies as a predicate felony for aggravated identity theft. 18 U.S.C. § 1028A(c)(5). Importantly, bank fraud, 18 U.S.C. § 1344, as charged within Counts I, III, and V of the Superseding Indictment, is "contained in chapter 63" and, therefore, is a qualifying predicate felony for aggravated identity theft. *See* 18 U.S.C. § 1344; ECF No. 21 at PageID.77, 79–82.

*Id.* As a result, Defendant was convicted with the predicate crime of healthcare fraud, 18 U.S.C. § 1347, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1). *Id.* at 114–15. Dubin challenged his aggravated identity theft conviction, arguing he did not *use* a patient's identity when overbilling Medicaid and that, under § 1082A(a)(1), "the means of identification [must be] at the crux of what makes the predicate offense criminal, rather than merely an ancillary feature[.]" *Id.* at 117.

Although the District Court seemingly agreed with Dubin, noting his case did not "seem to be an aggravated identity theft case[,]" it affirmed his conviction based on Fifth Circuit precedent. *Id.* at 115. On appeal, the Fifth Circuit affirmed and, on rehearing en banc, affirmed again. *Id.* The Supreme Court granted certiorari to address a circuit split regarding how to interpret "use" and "in relation to," within the aggravated identity theft statute. The Court ultimately found in favor of Dubin and a narrow interpretation of the statute. *Id.* at 116. Specifically, the Court held:

> A defendant "uses" another person's means of identification "in relation to" a predicate offense *when this use is at the crux of what makes the conduct criminal*. To be clear, being at the crux of the criminality requires more than a causal relationship, such as "facilitation" of the offense or being a but-for cause of its "success." Instead, with fraud or deceit crimes like the one in this case, the means of identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to "who" is involved.
>
> Here, [Dubin's] use of the patient's name was not at the crux of what made the underlying overbilling fraudulent. The crux of the healthcare fraud was a misrepresentation about the qualifications of [Dubin's] employee. The patient's name was an ancillary feature of the billing method employed.

*Id.* at 131–32 (emphasis added).

Justice Gorsuch authored a lone concurrence and expressed his belief that § 1028A is vague because "[t]here are an uncountable number of ways in which an individual could 'use' the 'means of identification' of another to commit fraud." *Id.* at 133, 139 (Gorsuch, J., concurring). But the *Dubin* majority pushed back on this analysis and stated:

> Adrift in a blizzard of its own hypotheticals, the concurrence believes that it is too difficult to discern when a means of identification is at the crux of the underlying criminality. The concurrence's bewilderment is not, fortunately, the standard for striking down an Act of Congress as unconstitutionally vague. . . . Hastily resorting to vagueness doctrine . . . would hobble legislatures' ability to draw nuanced lines to address a complex world. Such an approach would also leave victims of actual aggravated identity theft, a serious offense, without the added protection of § 1028A(a)(1).

*Id.* at 132 n. 10.

Turning to Defendant's Motion to Dismiss for Vagueness, Defendant argues the aggravated identity theft counts are unconstitutionally vague as applied because, "the Superseding Indictment does not set forth the elements of [aggravated identity theft] post-*Dubin* because the 'crux' is now required" and the aggravated identity theft counts as charged in the Superseding Indictment do not make it clear why *aggravated* identity theft, § 1028A, was charged instead of identity theft, § 1028. ECF No.37 at PageID.235. Defendant conflates a vagueness challenge—which focuses on whether the text of the *criminal statute* sufficiently notifies a defendant of the prohibited conduct—with an indictment specificity challenge—which focuses on whether the text of the *charging instrument* sufficiently notifies a defendant of their conduct alleged by the Government to be criminal. But this Court already addressed both challenges in its October 2023 Opinion and Order. This Court held that the aggravated identity theft counts were sufficiently and specifically pled in the Superseding Indictment because they fairly placed Defendant on fair notice of the specific offense alleged in each count. *United States v. Demasi*, No. 1:22-CR-20670, 2023 WL 6701998 (E.D. Mich. Oct. 12, 2023). And this Court expressly rejected Defendant's argument that § 1028A is unconstitutionally vague. *Id.* at *6. But, to the extent Defendant asserts new arguments in support of his unconstitutional vagueness claim,[3] those arguments fail because

---

[3] Recall that Defendant characterizes his current Motion as "not simply based on Justice Gorsuch's concurrence in *Dubin*, but because as applied by this Court post-*Dubin*, the charges of [aggravated

Defendant has not shown that the aggravated identity theft statute, § 1028A, fails to provide him with a "sufficient warning" that his alleged conduct would violate the charged law.

**B.**

The allegations here leave little doubt that Defendant's alleged conduct—using the names, birthdates, and Social Security numbers of college students without their authorization to apply for credit cards with separate banks in their name for Defendant's financial gain—is aggravated identity theft. A plain and natural reading of the aggravated identity theft statute provides Defendant with a sufficient warning that this conduct violates the law.

As stated above, § 1028A(a)(1) prohibits the knowing transfer, possession, or use of another person's means of identification, without lawful authority, during or in relation to a specific set of enumerated felonies. Bank fraud is among these specific enumerated felonies. 18 U.S.C. § 1028A(c)(5); *see also* 18 U.S.C. § 1344. "Means of identification" is defined as "any name or number that may be used . . . to identify a specific individual" and specifically includes an individual's "name, social security number, [or] date of birth." 18 U.S.C. § 1028(d)(7).[4] So Defendant, who is alleged to have used specifically listed "means of identification" of three unwitting college students to defraud three different banks, a specifically enumerated predicate crime, should have been on sufficient notice that his conduct, if proven, violated the law.

Defendant's reliance on *Dubin* is misplaced. *Dubin* did not add an element to the aggravated identity theft statute. *See* ECF No. 40 at PageID.243. Nor could it. That is the job of Congress, not the courts. Instead, *Dubin* clarified two already existing elements, holding that "[a]

---

identity theft] cannot be differentiated from [identity theft] and are too vague to have notified [Defendant] of what conduct is proscribed by § 1028A versus § 1028." *Id.* at PageID.230.
[4] Although this definition is within the general identity theft statute, the statute specifically notes that it also applies to the aggravated identity theft statute. 18 U.S.C. § 1028(d).

defendant 'uses' another[']s means of identification 'in relation' to a predicate offense when this use is at the crux of what makes the conduct criminal." *Dubin v. United States*, 599 U.S. 110, 131 (2023). And this Court already held that identity was at the "crux" of Defendant's alleged bank fraud because his misrepresentation to the banks did not concern *how* or *when* services were provided but, instead, concerned *who* was applying for lines of credit. *United States v. Demasi*, No. 1:22-CR-20670, 2023 WL 6701998, *3–4 (E.D. Mich. Oct. 12, 2023).

Defendant's argument that § 1028A is void for vagueness because he was not sufficiently warned that aggravated identity theft would be charged, *instead of general identity theft*, misses the mark, too. A criminal statute is not unconstitutionally vague merely because another statute may also prohibit the same conduct, nor because the Government could have properly pursued another charge. Instead, the vagueness test analyzes whether the charged criminal statute provides the defendant with sufficient warning about what precise conduct violates the statute. *United States v. Kettles*, 970 F.3d 637, 650 (6th Cir. 2020) (quoting *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 33 (1963)). Indeed, as Defendant concedes, "Congress may act intentionally to punish conduct under more than one criminal statute, even if the same conduct can be punished more harshly under one statute over the other" and "[w]hen Congress evidences an intent . . . to enact multiple statutes that penalize the same conduct with . . . . different sentenc[es], vagueness is not violated." ECF No. 37 at PageID.232 (citing *United States v. Batchelder*, 442 U.S. 114, 119, 123–24 (1979)). And, as the Government emphasizes in its Response, it was "free to charge [Defendant's] conduct as aggravated identity theft" instead of identity theft. ECF No. 40 at PageID.245. § 1028A is not void for vagueness merely because Defendant also could have been charged under § 1028.

Lastly, it is worth reiterating that Defendant asks this Court to do what the Supreme Court in *Dubin* recently was unwilling to do: declare the aggravated identity theft statute void for vagueness. Since *Dubin*, only two cases apart from this Court's October Opinion and Order have addressed void-for-vagueness challenges to § 1028A. The aggravated identity theft statute was upheld in both. *See United States v. Iannelli*, No. CR 22-10069-NMG, 2023 WL 7165109, at *3 (D. Mass. Oct. 31, 2023); *United States v. Gladden*, 78 F.4th 1232, 1247 (11th Cir. 2023). This Opinion similarly holds that § 1028A is not void for vagueness because Defendant has not shown that ordinary people cannot understand what conduct is prohibited by § 1028A, has not shown that § 1028A encourages arbitrary or discriminatory enforcement, and has not shown that § 1028A failed to sufficiently warn him that his alleged conduct—using unwitting students' personal information to open credit cards in their name for his financial gain—violated the statute. *See United States v. Kettles*, 970 F.3d 637, 650 (6th Cir. 2020); *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32–33 (1963). Defendant's Motion to Dismiss for Vagueness, ECF No. 37, will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss for Vagueness Counts II, IV, and VI of the Superseding Indictment, ECF No. 37, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

Dated: November 17, 2023                            s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge